```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
PHIL NEUMAN,                             :
                                         :
                        Plaintiff,       :
                                         :
            -v-                          :   21cv1670 (DLC)
                                         :
GLOBAL SECURITY SOLUTIONS, INC. and      :   OPINION AND ORDER
WERNER HELLMAN,                          :
                                         :
                        Defendants.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Edward Griffith
The Griffith Firm
45 Broadway
Suite 2200
New York, NY 10006

For defendants:
Terrence Joseph Worms
Law Office of Terrence J. Worms, P.C.
136-20 38th Avenue
Flushing, NY 11354

DENISE COTE, District Judge:

  Phil Neuman has sued defendants Global Security Solutions, Inc. ("GSS") and Werner Hellmann over a telephone call in which Hellmann told Neuman's business partner that Neuman had a history of fraudulent conduct. The defendants have moved for summary judgment on all of Neuman's claims, and Neuman has moved for summary judgment on his defamation claim. For the following

reasons, the defendants' motion is granted and the plaintiff's motion is denied.

## Background

The following facts are taken from the parties' submissions, and are undisputed unless otherwise noted. On February 19, 2021, Hellman, the owner of GSS, called Colin Connor, a business associate of Neuman's. The call was recorded. Hellman stated that he had been hired to investigate Neuman. Hellman explained that he had found "collected insurance commissions, unlicensed, [and] unregistered companies," and that Neuman had "a lot of history here of fraud."

Hellman then asked Connor a series of questions about his relationship with Neuman, and about companies that Neuman purportedly owned, but which did not appear to be registered. Hellman suggested that his experience investigating organized crime made him suspicious of Neuman's activities. Connor largely declined to answer Hellman's questions. Eventually, Hellman asked Connor "You don't think I know what's going on here? . . . I know exactly what's going on here." Connor then ended the telephone call.

The defendants contend that the "history of fraud" to which Hellman alluded is confirmed by the allegations of fraud in a series of lawsuits involving Neuman. Several of these lawsuits

were brought by former business associates who accused Neuman of deliberately failing to fulfill his financial obligations under agreements with them.  Neuman has also been sued by two employees for the termination of their employment under allegedly false pretenses.[1]  Some of these cases are ongoing and many have been settled.  Only one case has reached a final judgment on the merits: a default judgment in Nevada state court against Neuman for purchasing a car and then keeping it without making any payments.[2]

On February 25, 2021, Neuman filed this lawsuit against Hellman and GSS, bringing claims for defamation and tortious interference with prospective economic advantage.  The case was reassigned to this Court on September 9.  On April 1, 2022, defendants moved for summary judgment on both of Neuman's claims,[3] and Neuman moved for partial summary judgment on liability.  The motions became fully submitted on May 6.

---

[1] Neuman asserts that one of the employees was in fact fired for making racist remarks.

[2] During Hellman's deposition, Neuman's counsel suggested that Neuman did not return the car because it broke down on the highway.

[3] Although the defendants' motion is titled a motion for partial summary judgment, it was filed on the docket as a motion for summary judgment, and it requests dismissal of both of Neuman's claims.  The Court therefore construes the motion as a motion for summary judgment.

**Discussion**

Summary judgment may only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party."  Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted).  Material facts are those facts that "might affect the outcome of the suit under the governing law."  Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted).  In considering a motion for summary judgment, a court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).

I.   Defamation

A claim for slander under New York law has the following elements:

> (i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) 'of and concerning' the plaintiff, (v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege.

Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 528 (2d Cir. 2018) (citation omitted).[4] The plaintiff in a defamation action has the burden of proving the falsity of the statement at issue. Tannerite Sports, LLC v. NBCUniversal Group, 864 F.3d 236, 243-47 (2d Cir. 2017).

    The parties do not dispute that Hellman's statements during the telephone call were made to Connor, a third party, and that they were "of and concerning" Neuman. Additionally, for the reasons stated below, Hellman's statement is a statement of fact. Neuman also does not need to demonstrate damages, as an accusation of fraud in Neuman's business dealings is slander per se. See Liberman v. Gelstein, 80 N.Y.2d 429, 435 (1992) (categories of slander per se include statements "charging plaintiff with a serious crime" and statements "that tend to injure another in his or her trade, business, or profession."). Nevertheless, summary judgment must be granted to the defendants because Neuman has not raised a dispute of material fact regarding the statement's falsity, or the defendants' fault.

---

[4] The parties' briefs assume without discussion "that New York Law controls, and such implied consent is sufficient to establish choice of law." Chau v. Lewis, 771 F.3d 118, 126 (2d Cir. 2014) (citation omitted).

A. Fact or Opinion

The defendants argue that Hellman's statement was unactionable opinion.  A court must consider three factors to determine whether statement contains fact or opinion:

> (1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal readers or listeners that what is being read or heard is likely to be opinion, not fact.

Davis v. Boeheim, 24 N.Y.3d 262, 270 (2014) (citation omitted).

These factors each weigh in favor of interpreting Hellman's statement as one of fact.  The statement that Neuman has "a history of a lot of fraud" is a definite statement ascribing particular behavior to Neuman.  See, e.g., Evans v. Ottimo, 469 F.3d 278, 283 (2d Cir. 2006) (listing the elements of fraud under New York law).  Moreover, this statement can be proven true or false -- either Neuman has committed fraud multiple times, or he has not.  Finally, Hellman's statement that he had investigated Neuman, and that the results of his investigation turned up a history of fraud, suggests that it was based on fact, rather than expressing an opinion.  See Davis, 24 N.Y.3d at 269 (a statement is actionable when it "implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it." (citation omitted)).

An otherwise factual statement may nevertheless constitute unactionable opinion when it is "accompanied by a recitation of the facts upon which it is based." Id. But Hellman did not state the basis for his conclusion, only alluding generally to a history of insurance claims and unlicensed companies. This allusion to facts of which the listener may have been unaware shows that Hellman's statement was a statement of fact rather than opinion.

B. Falsity

Summary judgment must nevertheless be granted to the defendants, because the plaintiff has not shown that Hellman's statement is false. Neuman argues that Hellman's accusation of fraud is unfounded, because no case against Neuman has resulted in a final judgment finding that he committed fraud. In fact, one case has; a Nevada court issued a default judgment against Neuman for fraudulently purchasing a car and then refusing to make payments.

Regardless, however, it is not necessary for a defendant in a defamation action to show that his statements have been validated by judicial findings -- the burden is on the plaintiff to show that the statements are false. Tannerite Sports, LLC, 864 F.3d at 247. Neuman has not carried that burden. He has presented no evidence regarding the multiple allegations of fraud levied against him in other cases, has failed to

specifically deny most of the allegations of fraud made in those lawsuits, and has not addressed his purported ownership of various unregistered companies.  In other words, although Neuman has tried to undermine the defendants' basis for making the allegedly defamatory statement, Neuman has presented no evidence to affirmatively show that the statement is false.

It may, of course, be difficult for Neuman to demonstrate that he has no history of fraud.  It is hard to prove a negative, particularly when the statement could apply to a broad range of potential conduct over a long period.  But that difficulty is by design.  The requirement that a plaintiff prove the falsity of an allegedly defamatory statement is intended to "provide breathing space" for true speech by denying liability when "the evidence is ambiguous" or the "speech is unknowably true or false."  Phila. Newspapers, Inc. v. Hepps, 475 U.S. 767, 776, 778 (1986) (citation omitted) (discussing the First Amendment's falsity requirement).  Here, even if Hellman's statement is potentially false, Neuman has not provided evidence to show that falsity.  Accordingly, Neuman has not carried his burden on summary judgment.

    C. Fault

Finally, Neuman has failed to provide evidence of fault. Under New York law, a plaintiff in a defamation action must show that the defendant was at least negligent.  See Rosenberg v.

8

Metlife, Inc., 453 F.3d 122, 123 n.1 (2006); Dillon v. City of New York, 704 N.Y.S.2d 1, 5 (1st Dep't 1999). Neuman argues that Hellman was negligent because Hellman could have determined that most of the lawsuits against Neuman did not result in a judgment finding that Neuman had committed fraud. But this argument does not even suggest that Hellman's statement was actually false, much less that its falsity could have been uncovered by a more diligent investigation.[5] Because Neuman has not provided evidence that Hellman's statement was false or that Hellman was negligent in making it, summary judgment must be granted for the defendants on Neuman's defamation claim.

## II. Tortious Interference with Prospective Economic Advantage

The defendants move for summary judgment on Neuman's claim for tortious interference with prospective economic advantage. To bring such a claim, a plaintiff must show that "(1) it had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." Carvel Corp. v. Noonan, 350 F.3d 6, 17 (2d Cir. 2003). For a "means" to be improper, it

---

[5] Because Neuman has not provided evidence to show that Hellman was negligent, it is unnecessary to determine whether a higher standard of fault applies.

9

generally "must amount to a crime or an independent tort." Carvel Corp. v. Noonan, 3 N.Y.3d 182, 190 (2004).

Summary judgment must be granted for the defendants on Neuman's claim for tortious interference because it is duplicative of his claim for defamation.  Courts applying New York law frequently dismiss claims for tortious interference when the injury results entirely from alleged harm to the plaintiff's reputation, and when the plaintiff cannot bring a claim for defamation.  See, e.g., Goldberg v. Sitomer, Sitomer & Porges, 469 N.Y.S 2d 81, 82 (1st Dep't 1983); Restis v. Am. Coal. Against Nuclear Iran, Inc., 53 F. Supp. 3d 705, 727 (S.D.N.Y. 2014).  Here, Neuman alleges that he was injured because Hellman's accusations made Connor more hesitant in his business dealings with Neuman.  This is an injury arising out of harm to Neuman's reputation.  As explained above, however, Neuman has failed to support a claim for defamation, and he cannot save his claim by recasting it as one for tortious interference.

Neuman has also failed to raise a dispute of material fact with respect to the third element of a tortious interference claim.  Neuman asserts that Hellman was dishonest in his conversation with Connor, and that he acted with the intent to hurt Neuman.  Neuman has failed to show, however, that Hellman's conduct was independently tortious.  Additionally, Neuman points

10

to no evidence that Hellman acted with the intent to injure the relationship between Neuman and Connor. During the call, Hellman stated that he was calling to investigate Neuman, and Neuman has provided no evidence that this explanation was pretextual. Neuman has therefore failed to show that Hellman acted with malicious intent or used improper means to interfere with his relationship with Connor. Accordingly, summary judgment must be granted to the defendants on Neuman's claim for tortious interference.

## Conclusion

The plaintiff's April 1, 2022 motion for partial summary judgment is denied. The defendants' April 1, 2022 motion for summary judgment is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:   New York, New York
         June 1, 2022

                               _____
                                      DENISE COTE
                               United States District Judge